out involved here did grow out of a 'labor dispute' within the plain meaning of the definition of that term in § 2(9) of the Act, which declares that it includes 'any controversy concerning terms, tenure or *conditions of employment.* \* \* \* '

\* \* \* \* \* \*

"[I]t has long been settled that the reasonableness of workers' decisions to engage in concerted activity is irrelevant to the determination of whether a labor dispute exists or not.  Moreover, the evidence here shows that the conduct of these workers was far from unjustified under the circumstances." NLRB v. Washington Aluminum Co., *supra* at 15, 16, 82 S.Ct. at 1103 (Emphasis in original.)  (Footnotes omitted.)

The company relies upon the employees' promises to report for work and contends that refusal to work, in direct contravention of those promises, removed the "protective mantle" of Section 7 of the Act from their concerted activity.  It argues that a strike in violation of the provisions of a bargaining agreement is not protected activity and that those who strike in violation of contract may be lawfully discharged, citing N. L. R. B. v. Sands Manufacturing Co., 306 U.S. 332, 59 S.Ct. 508, 83 L.Ed. 682 (1939).

The question is thus narrowed to whether, as the company contends, the employees' promises to report for work, and their subsequent failure to do so, constituted a violation of a binding, albeit oral, no-strike agreement.  The Board considered this question and found that under all the circumstances the promises to report for work were not "clear and unmistakable" waivers of the right to strike.  Timken Roller Bearing Co. v. N. L. R. B., 325 F.2d 746, 751 (6th Cir. 1963), cert. denied, 376 U.S. 971, 84 S.Ct. 1135, 12 L.Ed.2d 1285 (1964).  We view the record as a whole as containing

substantial evidence to support the Board's determination that there was no express waiver of the employees' statutory right under Section 7 to engage in "concerted activity for the purpose of \* \* \* mutual aid or protection." (*See* N. L. R. B. v. Lion Oil Company, 352 U.S. 282, 293, 77 S.Ct. 330, 336, 1 L.Ed.2d 331 (1957)).

The petition for review is dismissed and the order of the National Labor Relations Board is enforced.

**Aubrey MORRIS, Plaintiff-Appellee,**

v.

**FIDELITY & CASUALTY COMPANY OF NEW YORK and Wheless Drilling Company, Defendants-Appellants.**

No. 71–1073

Summary Calendar.\*

United States Court of Appeals, Fifth Circuit.

May 10, 1971.

---

\* Rule 18, 5 Cir.;  See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

A. R. Christovich, Jr., Christovich & Kearney, New Orleans, La., for defendants-appellants.

Michael X. St. Martin, Waitz & St. Martin, Houma, La., for plaintiff-appellee.

See also 315 F.Supp. 197.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1]

**UNITED STATES of America Plaintiff-Appellee,**

v.

**Henry MILLER, Jr., Defendant-Appellant.**

**No. 30566**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 7, 1971.

Clyde W. Bowen, Atlanta, Ga., Court appointed for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert E. Whitley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

The sole question presented on this appeal is whether or not the provisions of Section 5861(d) and (i) of Title 26, United States Code, violated the appellant's constitutional rights against self-incrimination. The identical question was presented to this court in the case of Piper v. United States, 443 F.2d 371, in which this court upheld the constitutionality of these provisions of the National Firearms Act.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir. 1970, 430 F. 2d 966.

* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.